UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DORIAM GERMAN MORENO-ROCHA,<br><br>Defendant. | CASE NO. CR19-203RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Doriam German Moreno-Rocha's Motion for Sentence Reduction. Dkt. #837. Defendant moves for a two-point reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. *Id.* at 1. The Court has reviewed responsive briefing from the Government, Dkt. #855. No reply brief was filed by the deadline set by the Court. *See* Dkt. #843.

In December 2021, Mr. Moreno-Rocha pled guilty to Conspiracy to Distribute Controlled Substances. *See* Dkts. #654–56. Specifically, Moreno-Rocha and a conspirator worked together to supply large amounts of heroin and methamphetamine to a Western Washington-based drug distribution organization.

At the sentencing hearing on August 4, 2022, this Court adopted Probation's sentencing calculations as stated in the Presentence Report, Dkt. #708. Probation calculated Moreno-Rocha's sentencing range as 188 to 235 months based on a Total Offense Level of 36 and zero

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

criminal history points, Category I.  He was not assessed any points for being on probation or parole or for being under any other criminal justice sentence at the time of his offense.  The Court then varied downward significantly, imposing a custodial sentence of 102 months, well below the applicable range.  *See* Dkt. #719 at 2.

Mr. Moreno-Rocha continues to serve this sentence, with a BOP projected release date in May 2026.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified two sections of Amendment 821 that may be applied retroactively pursuant to this authority, commonly referred to as the "Status Points" and "Zero-Point Offender" amendments, and has articulated the policy and proper procedure for implementing those amendments.

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e)3 in the 2023 Edition of the Sentencing Guidelines.  A person who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of the two points that were awarded in the previous version of this subsection, while a person who otherwise presents six criminal history points or fewer receives no status points.

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points. On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the Government that Mr. Moreno-Rocha was not assessed any "status points" in connection with his original sentencing calculation, nor is there any suggestion in the Presentence Report that he was under a criminal justice sentence such as probation or parole at the time of the offense. Defendant offers no responsive argument to this. Accordingly, the amendment reducing status points assessment for certain status offenders does not lower his criminal history category or sentencing range.

Mr. Moreno-Rocha does appear to qualify for the Zero Point Offender amendment, which would reduce his Total Offense Level from Level 36 to Level 34. At Total Offense Level 34 and criminal history Category I, his revised range would be 151 to 188 months. *See* Sentencing Table, USSG Ch. 5, Pt. A. However, his original sentence of 102 months is already well below this revised range. The Sentencing Commission's binding policy states that this Court may not reduce a sentence to a term below the low end of the revised range, except in cases that originally involved a government motion for departure based on substantial assistance. USSG § 1B1.10(b)(2)(A)-(B). There is nothing in the record to support application of this exception in this case. Accordingly, Moreno-Rocha's original 102-month sentence is not eligible for any reduction. Defendant offers no responsive argument to this.

Given all of the above, this Motion will be denied and the Court need not consider the § 3553(a) factors.

ORDER DENYING MOTION TO REDUCE SENTENCE – 3

Having considered Defendant's motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Moreno-Rocha's Motion for Sentence Reduction, Dkt. #837, is DENIED. Appointment of counsel is DENIED as moot.

DATED this 21st day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REDUCE SENTENCE – 4